## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **ROBERT W. JOHNSON,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )  No. 2:24-cv-00324-NT |
| | ) |
| **COLVIN POST OFFICE et al.,** | ) |
| | ) |
| **Defendants** | ) |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Robert W. Johnson's application to proceed *in forma pauperis*, *see* Order (ECF No. 3), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). In his complaint, Johnson, who resides in Syracuse, New York, makes vague civil rights claims against the "Colvin Post Office" and "Jane Doe," both also of Syracuse, based on alleged "signature fraud" that took place at his apartment in Syracuse. Complaint at 2-4. Because Johnson fails to allege any facts suggesting that venue lies properly in the District of Maine, I recommend that the Court **DISMISS** his complaint. *See* 28 U.S.C. §§ 1391, 1402, 1406; *Johnson v. Christopher*, 233 F. App'x 852, 853 (10th Cir. 2007) (noting that courts have the authority to dismiss a case for improper venue under section 1915 when "the defense is obvious from the facts of the complaint" (cleaned up)).

This is at least the fourth action brought by Johnson in this Court in the past year or so. *See Johnson v. Trump*, No. 1:23-cv-00331-NT, 2023 WL 5627313 (D. Me.

1

Aug. 31, 2023) (rec. dec.), *aff'd*, 2023 WL 6845137 (D. Me. Oct. 17, 2023) (dismissing a complaint by Johnson for offering only conclusory allegations); *Johnson v. Reid*, No. 2:24-cv-00301-NT, 2024 WL 3990924 (D. Me. Aug. 29, 2024) (rec. dec.) (recommending that Johnson's complaint against a Syracuse, New York, defendant based on alleged actions taking place entirely in Syracuse be dismissed for improper venue); *Johnson v. Waterville Health & Welfare*, No. 1:24-cv-00303-NT, 2024 WL 3990921 (D. Me. Aug. 29, 2024) (rec. dec.) (recommending that Johnson's complaint be dismissed for lacking any detail as to how the defendants violated his rights and caused him damages). Moreover, a PACER search suggests that he is a serial litigator in other federal courts.

The Court has yet to act on my recent recommendation that Johnson be warned that filing restrictions were possible if he continued to file frivolous complaints. *See Johnson v. Waterville Health & Welfare*, 2024 WL 3990924, at *1. But Johnson's failure to object to or otherwise engage with the reasoning of my recent recommended decisions before filing another hopelessly vague complaint in the obviously wrong venue—along with his status as a serial litigator—convinces me that filing restrictions are warranted at this juncture to avoid wasting more of the Court's limited resources processing his meritless filings. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that [its limited] resources are allocated in a way that promotes the interests of justice. The continual processing of a [litigant's] frivolous [filings] does not promote that end.").

Accordingly, I recommend that the Court **ENJOIN** Johnson from filing new cases in the District of Maine without obtaining the Court's prior permission by showing that his proposed pleading is sufficiently plain and definite to satisfy Federal Rule of Civil Procedure 8 and to warrant a response.  Because this is a recommended decision, Johnson will receive the requisite notice and opportunity to respond to the recommended filing restrictions via an objection.  *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions against abusive litigants after providing them notice that such restrictions are in the offing and giving them an opportunity to respond).

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: September 19, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge